UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JORGE LUIS HERNANDEZ SOCARRAS,

    Petitioner,

v.                                        CASE NO. 5:24-cv-407-JSS-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

**ORDER**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) He claims the Bureau of Prisons (BOP) improperly rescinded 12 months of early release credit he earned for participation in the Residential Drug Abuse Program (RDAP). (*Id.* at 6.) Respondent contends that the petition should be dismissed because Petitioner failed to exhaust administrative remedies, or, alternatively, the petition should be denied because Petitioner's immigration detainer precludes him from early release. (Dkt. 8.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003). For the reasons outlined below, the petition for writ of habeas corpus (Dkt. 1) is dismissed.

Petitioner is serving a 52-month sentence at Coleman Federal Correctional Complex for access device fraud, in violation of 18 U.S.C. § 1029(a), interstate transfer of stolen property, in violation of 18 U.S.C. § 2314, and aggravated identity theft, in

violation of 18 U.S.C. § 1028A. (*See* Case No. 1:22-cr-163 (N.D. Ohio) (Criminal Case) at Dkt. 75.)

In his petition, Petitioner asserts one ground for relief: the BOP improperly rescinded his early release credit for participation in the RDAP program because he is subject to an immigration detainer. (Dkt. 1 at 6.) Petitioner claims he is not subject to an immigration detainer and requests an order instructing the BOP to reinstate his RDAP credits. (*Id.* at 6, 7.)

Habeas corpus is the "exclusive remedy" for prisoners seeking "'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). A section 2241 petition furnishes a basis to "attack the execution, rather than the validity" of a petitioner's sentence. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017) (en banc). Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Id.* The court has determined that proceeding to the petition's merits without reaching the exhaustion requirements is appropriate here. *See id.*

Under the relevant statute, the BOP "shall designate the place of the prisoner's imprisonment" and "shall make available appropriate substance abuse treatment for

each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The BOP's decision under § 3621(b) is "not reviewable by any court." BOP's regulations concerning the RDAP are found at 28 C.F.R. § 550.53 *et seq*. RDAP includes three components that must be completed: unit-based, follow-up services, and community treatment services. 28 C.F.R. § 550.53(a). "The Warden, on the basis of his or her discretion, may find an inmate ineligible for participation in a community-based program; therefore, the inmate cannot complete RDAP." *Id.* § 550.53(a)(3). Inmates who successfully participate in the RDAP may receive certain incentives, including early release if eligible under § 550.55. 28 C.F.R. § 550.54(a)(iv).

"BOP possesses substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be." *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001) (citing *Lopez v. Davis*, 531 U.S. 230 (2001)). Prisoners do not have a constitutionally protected liberty interest in early release under § 3621(e)(2)(B) because Congress placed no substantive limits on BOP's discretion under the program. *See Cook v. Wiley*, 208 F.3d 1314, 1321 (11th Cir. 2000). "A deportable alien is not qualified to participate in an RDAP because he is not eligible for [community] placement or early release under 18 U.S.C. § 3621." *Hinojoza v. Fed. Bureau of Prisons*, No. 4:13-cv-2467, 2014 WL 2003035, at *2 (N.D. Ohio May 14, 2014) (citing 28 C.F.R. § 550.55).

Although Petitioner suggests he has been informed that he is not subject to an immigration detainer, he does not provide any evidence regarding this contention.

3

(Dkt. 1 at 6.) Respondent provided a copy of the immigration detainer, dated February 6, 2024, that states that the Department of Homeland Security has determined Petitioner is a removable alien due to "[t]he pendency of ongoing removal proceedings against" Petitioner. (Dkt. 8-1 at 19.) Despite being afforded an opportunity to reply, Petitioner did not do so. Based on the unchallenged information presented by Respondent, Petitioner is subject to an immigration detainer, precluding his eligibility for community placement and the one-year sentence reduction.

Finally, even though Petitioner was eligible for RDAP, it is a matter of BOP discretion whether he receives the one-year sentence reduction. "Even if a prisoner is deemed statutorily eligible for the sentence reduction, the decision about whether to reduce his sentence remains solely within the discretion of the BOP. And that decision is not subject to judicial review." *Cook*, 208 F.3d at 1319 (citation omitted).

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida on March 25, 2025

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Jorge Luis Hernandez Socarras
3845-509
Big Spring Federal Correctional Institution
1900 Simler Ave
Big Spring, TX 79720